IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH KENNETH ARNOLD, <br> (TDCJ-CID #284250) <br> Plaintiff, <br> <br> vs. <br> <br> RITA PARNELL, *et al.*, <br> <br> Defendants. | § <br> § <br> § <br> § <br> § CIVIL ACTION H-09-2720 <br> § <br> § <br> § <br> § |

## MEMORANDUM ON DISMISSAL

Joseph Kenneth Arnold, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in August 2009, alleging civil rights violations resulting from a denial of adequate medical care. Arnold, proceeding *pro se* and *in forma pauperis*, sues Rita Parnell, a nurse at the Jester IV Unit; and various unnamed medical personnel at the Jester IV Unit.

The threshold issue is whether Arnold's claims should be dismissed as frivolous. The court concludes that Arnold's claims lack merit and should be dismissed for the reasons stated below.

### I. Plaintiff's Allegations

Arnold complains of the denial of adequate medical care at the Jester IV Unit from April 23, to May 1, 2009. Arnold was transferred from the Ramsey Unit to the crisis intervention section of the Jester IV Unit because he had suicidal thoughts. The Jester IV Unit is a psychiatric facility.

En route to the Jester IV Unit on April 23, 2009, the prison van that was transporting Arnold was involved in a traffic accident. He claims that the driver applied the brakes abruptly, causing him

to fall from the rear bench and strike his head on the partition in the van.[1]

Arnold claims that he sustained head and neck pain; a small cut; a bruise on the top of his head; and continues to experience limited range of motion in his neck. He claims that medical personnel spoke to him for several minutes upon his arrival at the Jester IV Unit, but they did not recommend that he be seen by another medical provider. He claims that he did not receive any medical care at the Jester IV Unit. He was not given any new medications and continued to take medications prescribed before his transfer to the Jester IV Unit. He claims that the medical personnel failed to prescribe pain medication to alleviate his head and neck pain. He asserts that medical personnel did not take an X-ray of the affected area or conduct additional tests to make a proper diagnosis.

Arnold states that Nurse Parnell only observed him from the cell door at a distance of eight feet, and she failed to refer Arnold for further medical treatment. He claims that she falsified clinic notes on April 30, 2009, when she wrote in his chart, "On 4/25/09 patient reported that he had fallen in van en route to this unit. I feel like when you jam a finger. I hit the top of my head. He denies pain or headache at this time. He has limited ROM on neck and is unable to touch chin to chest or move head side to side." Arnold asserts that this notation by Nurse Parnell prevented him from receiving additional treatment for his injuries.

Arnold states that when he arrived at the Jester IV Unit, he weighed 183 pounds and he lost twenty-three pounds over eight days. He complains that he could not digest the peanut butter; the peanut butter caused constipation; and he was under a tremendous amount of stress. He states that

---

[1] Arnold states that he is not complaining of the driver's conduct in this suit and that he is pursuing that claim in state court.

he has a history of depression; suicidal thoughts; and auditory hallucinations. While at the Jester IV Unit, Arnold states that he was in an isolation cell where he was naked except for a suicide blanket.

Arnold seeks a declaratory judgment that his civil rights were violated. He also seeks a temporary restraining order to prevent the defendants from denying him proper medical care. He seeks unspecified nominal, punitive, and compensatory damages. He also requests a transfer to a federal prison.

## II. Standard of Review

A district court must sua sponte dismiss a prisoner's IFP § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B)(i), the court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)). The court may dismiss the claim "'before service of process or before the filing of the answer' as long as certain safeguards are met." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)). The Fifth Circuit reviews such dismissals for abuse of discretion. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

### III. The Claims Based on the Denial of Adequate Medical Care

The Eighth Amendment "does not, by its precise words, mandate a certain level of medical care for prisoners." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999). Prison officials violate the constitutional proscription against cruel and unusual punishment when they exhibit deliberate indifference to a prisoner's serious medical needs, causing unnecessary and wanton infliction of pain. *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required. *Gobert v. Caldwell,* 463 F.3d 339, 345 n.12 (5th Cir. 2006)(citing *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176, 1187 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer,* 536 U.S. 730 (2002)).

To prevail on a claim of inadequate medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). "The legal conclusion of 'deliberate indifference' ... must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985). A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994) (applying *Farmer* to medical claims). This requires not only that the official be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists but also that he indeed draw the inference. *Farmer,* 511 U.S. at 839. Neither unsuccessful medical treatment, nor negligence, nor medical malpractice is enough to give rise to a § 1983 cause of action. *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999). Further, a prisoner's disagreement with his medical treatment is ordinarily insufficient to

support an action under § 1983. *Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995).

A prisoner's disagreement with his medical treatment does not constitute deliberate indifference, absent exceptional circumstances. *Gobert,* 463 F.3d at 346. Further, where deficiencies in medical treatment were minimal, continuing pain alone does not constitute a constitutional violation. *Mayweather v. Foti,* 958 F.2d 91, 91 (5th Cir. 1992). The mere delay of medical care can also constitute an Eighth Amendment violation, but only "if there has been deliberate indifference [that] results in substantial harm." *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993).

Arnold has not demonstrated that the medical care provided to him posed a substantial risk to his future health. By his own admissions, Arnold was evaluated by medical personnel upon his arrival at the Jester IV Unit. They determined that additional treatment was unnecessary. Arnold was transferred to the Jester IV Unit so that medical personnel in the Crisis Intervention Department could monitor Arnold in light of his suicidal tendencies. Arnold admits that he continued to take the medications that he had been prescribed prior to his transfer to the Jester IV Unit. Medical personnel apparently determined that it was more critical to treat his psychiatric condition and that his minor injuries following the traffic accident did not require additional treatment. Nurse Parnell evaluated Arnold on April 30, 2009, and concluded that Arnold had not voiced any complaints concerning head pain.

Such evidence of examinations and treatment negate Arnold's claim of deliberate indifference. *Bass v. Sullivan,* 550 F.2d 229 (5th Cir. 1977). Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. *Domino v. Texas Department of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001)(citing *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir.

1985)). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson,* 759 F.2d at 1238. Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle,* 429 U.S. at 107. And the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer,* 511 U.S. at 838. Therefore, Arnold's claims should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

Arnold also complains that TDCJ-CID medical personnel did not give him pain medications. "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimizana,* 122 F.3d 286, 292 (5th Cir. 1997).

As noted, medical records of examinations, diagnoses, and medications rebut Arnold's allegations of deliberate indifference. *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993). Arnold admits that he was seen by medical personnel while at the Jester IV Unit. Arnold has not alleged facts demonstrating that the defendants were aware of, and disregarded, a substantial risk of harm to Arnold. Nor did he suffer substantial harm as a result of not receiving pain medication.

Finally, Arnold complains of the delay in receiving his treatment for his injuries resulting from the traffic accident. He claims that for the eight days he was at the Jester IV Unit, he received no pain medications. To establish an Eighth Amendment claim for denial of medical care, the inmate must show deliberate indifference to "serious" medical needs, "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Constitutionally adequate care does not, however, ensure that an inmate will agree with

every treatment decision. *Estelle*, 429 U.S. at 107-08.

To succeed on his claims of denial of medical care, Arnold must show (1) deliberate indifference (2) to a serious medical need. Accepting Arnold's claims as true, he had a serious medical need. The question is thus whether he has shown that the defendants were deliberately indifferent to that need. Arnold has not shown that the eight-day delay in providing pain medications constituted deliberate indifference. Arnold has not alleged facts demonstrating the defendants were aware of, and disregarded, a substantial risk of harm to Arnold. Nor did he suffer substantial harm as a result of the delay in treatment. Arnold has utterly failed to show this delay was the result of deliberate indifference by anyone, particularly the medical personnel at the Jester IV Unit. Nothing in Arnold's pleadings suggests that the defendants acted with deliberate indifference or that the alleged delay resulting from their conduct caused any substantial harm to Arnold. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Mendoza*, 989 F.2d at 195. At best, these facts might support a claim of negligence; however, negligent medical care will not support a claim under section 1983. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *see also Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (recognizing a claim for delayed medical care, but only where the deliberate indifference of prison officials results in substantial harm).

Thus, Arnold's claim based on deliberate indifference to his serious medical needs is DISMISSED as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke v. Williams*, 490 U.S. 319 (1989).

## IV. Conclusion

The action filed by Joseph Kenneth Arnold (TDCJ-CID Inmate #284250) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are denied as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Arnold's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on May 26, 2010.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE